PER CURIAM.
The Florida Bar has presented to this Court for its consideration petitions seeking amendments to the Integration Rule of the Florida Bar, 32 F.S.A., in the particulars hereinafter set forth.
Article III of the Integration Rule of the Florida Bar provides for apportionment of one-half of the circuit representatives on the Board of Governors to be determined by an annual certification of the number of lawyers in each judicial circuit. This sometimes results in an increase in the number of representatives from certain circuits and corresponding decreases in the number from other circuits. The Rule provides that elections in odd numbered circuits shall be held in odd numbered years, and that elections in even numbered circuits shall be held in even numbered years. However, the Rule does not provide for a special election in a circuit obtaining an increase in the number of representatives to which it is entitled if the vacancy arises during a year in which the circuit involved is not holding an election. The petition sub judice seeks an amendment to the Rule to provide for special elections in this type of situation.
Specifically, the Bar is asking that Article III of the Integration Rule be amended as follows:
a. The third sentence of paragraph 1 as amended to read as follows (new language underlined): “Unless increased because of the provisions of subparagraph (d) below, the total number of representatives elected from judicial circuits shall be twice the number of the total of all the judicial circuits as constituted at the time of the election.”
b. The following sentence to be added at the end of paragraph 1 (c) :
“Any vacancy in the office of circuit representative reflected by an annual certificate shall be filled in the next ensuing circuit elections even though the vacancy arises in a circuit which would not otherwise be holding an election because of the staggered terms provided for in this article.”
c. The second sentence-of paragraph 2 as amended to read as follows (new language underlined): “Each elected *2 member shall hold office for two years and until his successor is elected and qualified, except that members elected in circuits holding special elections required by subparagraph (c) above shall be elected for terms of one year.”
The request of the Florida Bar in the premises appears to be well founded and necessary in order to provide a more orderly method of electing members to the Board of Governors upon the happening of the contingencies hereinabove discussed. No opposition to the petition having been received or expressed at the oral presentation before the Court, the petition is granted and Article III of the Integration Rule is hereby amended in the particulars here-inabove set forth.
By order rendered by this Court on November 17, 1958, 106 So.2d 558, this Court amended Article X of the Integration Rule of the Florida Bar by prescribing rules of professional conduct consisting of a Code of Ethics applicable to the members of the Florida Bar, included among which is Canon 46 entitled “Notice of Specialized Legal Service,” and which reads as follows:
“46. Notice of Specialized Legal Service
Where a lawyer is engaged in rendering a specialized legal service directly and only to other lawyers, a brief, dignified notice of that fact, couched in language indicating that it is addressed to lawyers, inserted in legal periodicals and like publications, when it will afford convenient and beneficial information to lawyers desiring to obtain such service, is not improper.”
By its petition the Florida Bar represents that the foregoing Canon of Ethics dealing with the notice which an attorney may give of his availability for association with other lawyers for the performance of specialized legal services is ineffectual to attain the salutary purpose intended thereby. It is the request of the Florida Bar that the foregoing Canon be amended to conform in all respects to the counterpart Canon of Ethics adopted by the American Bar Association which reads as follows:
“46. Notice of Local Lawyers
A lawyer available to act as an associate of other lawyers in a particular branch of the law or legal service may send to local lawyers only and publish in his local legal journal a brief and dignified announcement of his availability to serve other lawyers in connection therewith. The announcement should be in a form which does not constitute a statement or representation of special experience or expertness.”
From the oral presentation made before the Court, and a careful consideration of the brief filed in support of the petition hereby considered, it is our view that no sufficient showing has been made to warrant a change in the existing Canon of Ethics dealing with this subject. Counsel for the Bar concede that to their knowledge no abuses by practicing attorneys of the privileges granted by the existing Canon have arisen, nor have they encountered any problems involving a violation of this Canon by attorneys engaged in the rendition of specialized legal services in this state. We take judicial notice of the fact that a committee of the American Bar is now considering a comprehensive revision of its Canon of Ethics relating to the subject dealt with in the Canon here considered. It is our view that the best interests of the Bar will better be served by deferring any action looking to an amendment or change in the existing Canon of Ethics until such time as the work of the American Bar committee is completed and an opportunity is afforded to consider whatever recommendations it may make. For these reasons we deem it necessary to withhold our approval of the Bar’s petition, and the re *3 quest made thereby is therefore accordingly denied.
CALDWELL, C. J., ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., and WIGGINTON, District Court Judge, concur.